No. 2330.

### ELECK JEFFERSON *v.* THE STATE.

1. PLEADING—COMPLAINT—INFORMATION—ARREST OF JUDGMENT.—The constitutional and statutory provisions which require that all prosecutions in this State, whether by information or indictment, shall be carried on "in the name and by the authority of the State of Texas," necessitate that it so appear from the information or indictment, but do not in misdemeanor cases require that it shall so appear from the complaint. The trial court did not, therefore, err in this case in overruling a motion in arrest of judgment based upon the insufficiency of the complaint because it does not begin with the words: "In the name and by the authority of the State of Texas."
2. SAME—PLEA.—Unless the transcript on appeal shows that the accused pleaded to the information against him, or that a plea of not guilty was entered for him by order of the court, a conviction will be set aside.

APPEAL from the County Court of Freestone. Tried below before the Hon. T. W. Sims, County Judge.

This conviction was for misdemeanor theft, and the penalty assessed against the accused was a fine of one hundred dollars. The record brings up no statement of facts.

*Kirven, Gardner & Etheredge,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This prosecution in the court below was upon an *information* for a misdemeanor, which information was based upon an affidavit or *complaint.* A motion in arrest of judgment attacked the sufficiency of the *complaint,* because the same did not commence with the words: "In the name and by the authority of the State of Texas."

It is contended that, inasmuch as it is both statutory and constitutional that "all prosecutions shall be carried on in the name and by the authority of the State of Texas" (Const., art. 5, sec. 12; Code Crim. Proc., art. 19), and, inasmuch as the complaint is the initial step in the prosecution, and the very basis and foundation upon which the information rests, therefore it is essential to its validity that it should be commenced "in the name and by the authority of the State of Texas."

Our statute prescribing the requisites of a complaint does not require the use of these words (Code Crim. Proc., art. 236), as is done with regard to the requisites for indictments and informations. (Code Crim. Proc., arts. 420 and 430.) There can be no question but that the words are indispensable to indictments and informations. (Saine v. The State, 14 Texas Ct. App., 144.) But a complaint is not required to set forth the offense with the same particularity as is an indictment or information (Arrington v. The State, 13 Texas Ct. App., 551), and in the case of Bell v. The State, 18 Texas Court of Appeals, 53, an affidavit or complaint which did not contain these words was held sufficient. It is true the words are used in the Form No. 545, page 236, Willson's Criminal Forms, and without doubt it would be better to use them in the complaint as well as in the information. (Lane v. The State, 16 Texas Ct. App., 172.)

A similar provision to the one quoted above from our present Constitution will be found in the Constitution of the Republic of Texas, article 4, section 4. (Pas. Dig., 33). Construing that provision with reference to an indictment for gaming, Justice Wheeler, in the early case of Drummond v. The Republic, 2 Texas, 156, says: "No prescribed form of words is necessary in order that the prosecution be 'carried on in the name and by the authority of the Republic of Texas.' It is enough that the prosecution is conducted by the proper law officer acting under the authority and conducting the prosecution in the name of the government." As we have seen, our statutes now require that informations and indictments shall contain the words: "In the name and by the authority of the State of Texas." This is made, in fact, the first requisite to those instruments. (Code Crim. Proc., arts. 420, 430, subdiv. 1.) In this case the prosecution was conducted under an information containing those words. We hold that the motion in arrest of judgment was properly overruled.

There is a fundamental error apparent of record for which the judgment must be reversed. It is no where made to appear that the defendant pleaded to the charge in the information, nor that a plea to the same was entered for him. Without a plea there was no issue to try. (McFarland v. The State, 18 Texas Ct. App., 313; Roe v. The State, 19 Texas Ct. App., 89.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered January 21, 1888.