## TOM TREADAWAY V. THE STATE.

### No. 148.   Decided March 30, 1910.

### Rehearing Denied March 15, 1911.

**1.—Aggravated Assault—Indictment—Constitutional Law.**
. Where the information copied in the transcript did not begin and conclude as required by the Constitution and the statutes, the same was reversible error; and a complaint and information attached to the motion for rehearing which was in proper form but was not the basis of the prosecution as disclosed by the record could not be considered.

**2.—Same—Evidence—Other Transactions.**
Where defendant was on trial for an alleged whipping of his wife, testimony as to how many times he had been married, and his conduct to his former wife was inadmissible.

. Appeal from the County Court of Nacogdoches.   Tried below before the Hon. C. D. Mims.

. Appeal from a conviction of aggravated assault; penalty, a fine of $500 and two years confinement in the county jail.

The opinion states the case.

*Ingraham, Middlebrook & Hodges,* for appellant.

*Felix J. McCord,* Assistant Attorney-General, and *Geo. S. King,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an aggravated assault, and prosecutes an appeal.

The information as copied in the transcript does not begin, "In the name and by the authority of the State of Texas," nor does it conclude "against the peace and dignity of the State," as is required by the Constitution and statutes of this State.

This judgment will be reversed and the cause remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.

### ON REHEARING.

### March 15, 1911.

HARPER, JUDGE.—At the last term of this court this cause was reversed and remanded, because the information did not begin, "In the name and by the authority of the State of Texas," and did not conclude, "against the peace and dignity of the State."

The Assistant Attorney-General filed a motion for a rehearing in

this cause, and to the motion is attached a complaint and information in proper form, but the complaint is signed "Eli Box," and is sworn to by him on the 27th day of February, 1908, and the information, following the complaint, alleges that it is filed upon the affidavit of Eli Box. By reference to the transcript in this cause, we find that the information and complaint held defective is not the same as those attached to the application for a rehearing. In the transcript the complaint is signed G. W. Stone, and is sworn to on the 29th day of February, 1908, by him, and alleges the offense as of date the 7th day of February, 1908. The information follows the complaint, and says, "upon the affidavit of G. W. Stone."

To show there is a valid information and complaint in the case filed by Eli Box, alleging an offense on the 2d day of February, 1908, would not and could not aid a defective information and complaint filed by G. W. Stone, alleging an offense on the 7th day of February, 1908, even though both were against the same person. The charge of the court and the entire record shows it was on the information based on complaint filed by G. W. Stone that this case was tried, and as it is wanting in the essentials named in the original petition, the motion for a rehearing is overruled.

But, as this case will be tried again, we would suggest that the question asked of defendant, and which he was required to answer, about how many times he had been married, how many living wives he had, etc., were improper, and the court should have sustained the objections made. Defendant was on trial for an alleged whipping of his then wife, and his conduct toward former wives was not an issue in the case.

There are several other matters complained of in the record because of some of which this case would necessarily be reversed and remanded, but as they will not likely occur on another trial we will not discuss them. Motion for rehearing overruled.

*Overruled.*