## SIMON ALVARADO v. THE STATE.

### No. 4933.   Decided March 27, 1918.

**1.—Theft of Horse—Indictment—Constitutional Law.**

Where, upon trial of theft, it was discovered after conviction that the indictment did not begin in the name and by the authority, etc., as provided by the Constitution, the trial court should have heard the amended motion for new trial which set up the fact that the words "by the" were inserted in said indictment after it was returned and presented in court and if the allegations were found to be true, as contended by the defendant, the indictment should have been quashed.

**2.—Same—Amended Motion for New Trial—Rule Stated—Discretion of Court.**

The general rule is that an amended motion for new trial is within the sound discretion of the trial court, but where the same shows serious substantial error, the same is reversible by this court.

**3.—Same—Constitutional Law—Indictment.**

All indictments for felony must begin in the name and by the authority, etc., and this provision of the Constitution is mandatory and must be complied with or the indictment is bad. *Following Moss v. State, 60 Texas Crim. Rep., 268,* and other cases.

**4.—Same—Technicalities—Pleading—Constitutional Law.**

The mandates of the Constitution that all indictments shall begin "in the name and by the authority of the State" and conclude "against the peace and dignity of the State" are not technicalities, but the expressed will of a sovereign people ordaining a constitutional form of government based upon a representative democracy, and these mandates must be obeyed implicitly by the courts and all created power under it.

Appeal from the District Court of Nueces County.   Tried below before the Hon. Walter F. Timon.

Appeal from a conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The same order quashing the indictment for the above reasons stated in the opinion is made in Nos. 4930, 4931, 4932 and 4934 against the same appellant, and the cause is reversed and remanded with instructions.

The opinion states the case.

*Dawson & Anderson,* for appellant.—On question of amended motion

for new trial: Henson v. State, 74 Texas Crim. Rep., 277; Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975.

On question of insufficiency of indictment: Brown v. State, 81 S. W. Rep., 718; Moss v. State, 60 Texas Crim. Rep., 268, 131 S. W. Rep., 1088; art. 5, sec. 12, Constitution of Texas.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of motion for new trial: Tores v. State, 74 Texas Crim. Rep., 37, 166 S. W. Rep., 523; Henson v. State, 74 Texas Crim. Rep. 277, 168 S. W. Rep., 89; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft and allotted two years confinement in the penitentiary.

He was not defended by an attorney. Subsequent to his conviction his brother employed Dawson & Anderson to look after his case. Motion for new trial was filed and overruled, and notice of appeal given. Later, and during the term, it is claimed that it was discovered that the original indictment did not begin, "In the name and by the authority of the State of Texas," but did begin, "In the name and authority of the State of Texas." The two words "by the" in front of "authority" were omitted in the original indictment. After appellant had been served with a copy of this indictment, he being in jail, this beginning of the indictment was changed by the insertion in ink of the two words "by the." The court declined to entertain an amended motion for new trial, inasmuch as the party had been sentenced. These matters are shown by bill of exceptions.

It is unnecessary to go over the amended motion for new trial, with the attached affidavits and statements which, if true, would have shown that the beginning of the indictment had been changed as alleged. The general rule may be stated, that the filing of an amended motion for new trial is within the sound discretion of the trial court, and unless error is shown of a substantial nature this court will not revise the ruling, but that is not the invariable rule. Where the amended motion for new trial does show serious or substantial error the court should not exercise his discretion unfavorably to a fair trial, and such action under such circumstances will be reviewable by this court. If appellant's contention is correct, that the indictment began, "In the name and authority of the State of Texas," then the court should have heard the motion and passed upon it. If in fact the indictment had been changed after being filed by the grand jury in the District Court, and not by the grand jury itself before such filing, the indictment would be fatally defective. Such matters can be entertained, and the court having jurisdiction of all matters before him and the disposition of cases until the adjournment of court, the motion for new trial should have been entertained and the matter investigated and determined. This is not a matter of form, so far as the indictment is concerned, but one of substance. While it does not relate to the charging part of the indictment setting out the ingredients of the offense, yet it does bring before the court the provision of the Constitution which has in all cases been held by this

court to be mandatory, and if found true vitiates the indictment. The matter underwent careful and critical examination in Cox v. State, 8 Texas Crim. App., 254. Many of these cases were reviewed at the time the opinion was written in Moss v. State, 60 Texas Crim. Rep., 268, and the rule in the Cox case and subsequent cases followed. This is not to be considered technical in its nature. In view of the mandatory provision of the Constitution it has not so been regarded in Texas. In fact, the contrary doctrine has been laid down and followed. It is unnecessary here to discuss what may or may not be technicalities, even upon rules of practice and procedure in the trial of criminal cases and in the preparation of pleadings. The Constitution has provided that indictments shall begin "in the name and by authority of the State of Texas," and conclude, "against the peace and dignity of the State." As before stated, this has been held mandatory, not that it affects the charging allegations in the indictment, but because the Constitution has provided it shall be so. Where the Constitution provides and commands that a thing shall be done, the matter must be done as indicated. The Legislature, executive, nor the courts have authority to set aside these mandates. This is not a directory but a mandatory provision. Section 29 of the Bill of Rights, in order to set these rules of construction at rest, thus provides: "To guard against transgressions of the high powers herein delegated, we declare that everything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void."

Section 10 of the Bill of Rights provides that indictments in felony cases shall be preferred by a grand jury. The judiciary article provides, among other things, that the grand jury shall be composed of twelve men. It would, therefore, be necessary under all the decisions and the plain provision of the Constitution, that the grand jury shall be thus constituted, otherwise there is no grand jury. The same section provides the indictment shall begin "In the name and by the authority of the State of Texas," and conclude, "against the peace and dignity of the State." The Constitution might have omitted these clauses, it might have provided that more or less than twelve grand jurymen could return an indictment. It might have provided that an indictment was not necessary, but it did not, but expressly laid down the mandatory provision that all these things shall occur. This Constitution is the act of sovereignty of the people in whom all inherent power is lodged. This inherent power is found laid down in the second section of article 1, known as the Bill of Rights. They have said that when the provisions of the Constitution ordained by them shall be transgressed such act shall be null and void. The Legislature seems to have followed these provisions, which emphasizes the fact of the superiority of the Constitution and its over-weening power. This is a correct proposition and ought not to be debatable. Whatever may be considered technicalities, in a general way, it will not do to hold that where the sovereign power declares what shall and what shall not be the law of the land, and has spoken in sovereign capacity, that such are

technicalities. There is nothing to debate. It may be emphasized here that the power of a people or government, speaking in a sovereign capacity, can never be regarded as technical. The mandates of the Constitution are not technicalities, but expressed the will of a sovereign people ordaining a constitutional form of government based upon a representative democracy, and these mandates must be obeyed implicitly by all created power under it. The creature is never equal to the creator, nor has that creature authority to set aside the mandate of its creator. This may not affect the guilt or innocence of the defendant in this or any other case, but our people in their sovereign capacity have decreed that these matters shall be placed in and as prerequisite to the indictment. It having thus provided, there is no power vested in the executive, legislative or judicial to set aside this plain and imperative demand. Therefore, we say that the court erred in exercising the judicial discretion confided to him in this matter. He should have heard the evidence in regard to it, and if the indictment is found to have been changed in the manner mentioned after the grand jury had presented it in open court, and it had passed from their jurisdiction, then the indictment is void. Had the grand jury properly amended the indictment before presentment by the insertion of the omitted words, it would have been different.

The judgment, therefore, will be reversed with instructions to the court to investigate this matter, and if the allegations are found to be true as contended by appellant, the indictment should be quashed, and if further prosecution is thought necessary, another indictment be presented in obedience to the law.

The judgment is reversed and the cause remanded.

*Reversed and remanded with instructions.*

PRENDERGAST, Judge, not sitting.