this matter, and if the allegations are found to be true as contended by appellant, the indictment should be quashed, and, if further prosecution is thought necessary, another indictment be presented in obedience to the law.

The judgment is reversed, and the cause remanded.

PRENDERGAST, J., not sitting.

---

ALVARADO v. STATE.    (No. 4930.)

(Court of Criminal Appeals of Texas.    March 27, 1918.)

Appeal from Criminal District Court, Nueces County; Walter F. Timon, Judge.

Simon Alvarado was convicted of crime, and he appeals. Reversed, and cause remanded.

Dawson & Anderson, of Corpus Christi, for appellant. E. B. Ward, of Corpus Christi, amicus curiæ. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This is a companion case to cause No. 4933, Alvarado v. State, 202 S. W. 322, this day decided. The matter with reference to the indictment discussed in that opinion relates also to this case, and will govern its disposition.

For the reasons indicated in that opinion, the judgment herein will be reversed, and the cause remanded.

PRENDERGAST, J., not sitting.

---

ALVARADO v. STATE.    (No. 4931.)

(Court of Criminal Appeals of Texas.    March 27, 1918.)

Appeal from Criminal District Court, Nueces County; Walter F. Timon, Judge.

Simon Alvarado was convicted of crime, and he appeals. Reversed, and cause remanded.

Dawson & Anderson, of Corpus Christi, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This is a companion case to cause No. 4933, Alvarado v. State, 202 S. W. 322, this day decided. The record in this case is the same as the record in that case, so far as the indictment is concerned. Upon the authority of that case the judgment herein will be reversed, and the cause remanded.

PRENDERGAST, J., not sitting.

---

ALVARADO v. STATE.    (No. 4932.)

(Court of Criminal Appeals of Texas.    March 27, 1918.)

Appeal from Criminal District Court, Nueces County; Walter F. Timon, Judge.

Simon Alvarado was convicted of crime, and he appeals. Reversed, and cause remanded.

Dawson & Anderson, of Corpus Christi, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This is a companion case to cause No. 4933, Alvarado v. State, 202 S. W. 322, this day decided. The record in this case is the same as the record in that case, so far as the indictment is concerned. Upon the authority of that case the judgment herein will be reversed, and the cause remanded.

PRENDERGAST, J., not sitting.

---

ALVARADO v. STATE.    (No. 4934.)

(Court of Criminal Appeals of Texas.    March 27, 1918.)

Appeal from Criminal District Court, Nueces County; Walter F. Timon, Judge.

Simon Alvarado was convicted of crime, and he appeals. Reversed, and cause remanded.

Dawson & Anderson, of Corpus Christi, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This is a companion case to cause No. 4933, Alvarado v. State, 202 S. W. 322, this day decided. The indictment in this case is in the same condition as the indictment in that case. Upon the authority of that case the judgment herein will be reversed, and the cause remanded.

PRENDERGAST, J., not sitting.

---

JACKSON v. GREENVILLE COMPRESS CO.    (No. 1304.)

(Court of Civil Appeals of Texas.    Amarillo. March 27, 1918.)

1. WAREHOUSEMEN ⬤⇒24(1) — COTTON COMPRESS COMPANY—DUTIES.

Although plaintiff did not agree to pay storage, and it was his purpose to sell the cotton stored with defendant compress company without having it compressed, where the cotton was received with the expectation that defendant would be compensated by compress charges paid by the carrier before shipment, defendant was a bailee for hire, whose duty it was to exercise ordinary diligence in caring for the cotton.

2. EVIDENCE ⬤⇒408(7)—WAREHOUSE RECEIPT —IMPEACHMENT BY PAROL.

Ordinarily a warehouseman's receipt is a contract which cannot be impeached by parol testimony.

3. APPEAL AND ERROR ⬤⇒671(6) — MATTERS NOT SHOWN BY STATEMENT OF FACTS—REVIEW.

The terms of the receipt issued by defendant compress company to plaintiff for cotton delivered not being set out in the statement of facts, the court on appeal cannot discuss the effect of the receipt.

4. EVIDENCE ⬤⇒69—LAWFUL BUSINESS—PRESUMPTION.

The presumption is that defendant compress company, with whom plaintiff stored cotton, was doing a lawful business in a lawful way.

5. PLEADING ⬤⇒34(3) — SUFFICIENCY — ABSENCE OF SPECIAL EXCEPTION.

Every reasonable intendment will be indulged in favor of the allegations of plaintiff's petition in the absence of a special exception.

6. WAREHOUSEMEN ⬤⇒34(4)—ALLEGATIONS AS TO RELATION—SUFFICIENCY.

Plaintiff's petition alleging that defendant engaged in the compress business and in connection therewith used extensive platforms in storing and caring for cotton delivered, for which a toll was charged, that, at the request of defendant, plaintiff delivered cotton with the understanding that defendant would accept and com-