SAM ABRAHAM v. THE STATE.

No. 14391.   Delivered May 6, 1931.
Rehearing Denied June 3, 1931.

The opinion states the case.

*Hughes & Monroe,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for permitting a gaming device to remain in a building in possession of appellant to be used for gaming purposes; penalty, thirty days in the county jail.

We find in this record no statement of facts or bills of exception. By the terms of article 630 of our Penal Code it is provided that if any person shall knowingly permit any gaming device to remain in his possession or on premises under his control to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year. The information in this case sufficiently charges the offense, and is followed by the judgment. No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The prosecution is under article 630, P. C., 1925, which reads as follows:

"If any person shall knowingly permit any gaming paraphernalia, table, or device or equipment of a gaming house, of any character whatever to remain in his possession or on premises under his control or of which he is owner and to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year."

The information contains the following:

"* * * did unlawfully and knowingly permit a gaming device to-wit: a device commonly known as a slot machine to remain in his possession and on his premises under his control, then and there situated in Dallas county, Texas, to be used for gaming purposes."

Apparently the information sufficiently charges the offense denounced by the statute, quoted above.

The judgment was entered on the 18th day of February, 1931. On the same day the motion for new trial was filed and overruled. Subsequently, on the following day, an amended motion was filed in which it was claimed by the appellant that upon his arrest and before he was allowed to make bail or interview counsel, he was taken before the court; that he was informed by the arresting officer that the punishment for the offense would be by a fine only; that upon such information he entered a plea of guilty; that no warning was administered to him by the trial court. The motion was supported by no proof, so far as shown by the record, except the affidavit of the accused. There seems to have been no

138

permission obtained to file the amended or second motion after the first motion was overruled. Such permission was a matter of discretion of the trial court, in the absence of which, this court would not be authorized to reverse the conviction. The amended motion, filed without permission after the original motion was overruled and supported by the appellant's affidavit alone, is not such a showing as would justify this court in ordering a reversal of the judgment. See Alvarado v. State, 83 Texas Crim. Rep., 181, 202 S. W., 322.

The motion in arrest of judgment challenges the sufficiency of the information to which reference has been made above.

The motion for rehearing is overruled.

*Overruled.*