ALEX SCOTT v. THE STATE.

No. 18360. ·Delivered May 27, 1936.

The opinion states the case.

*M. E. Gates,* of Huntsville, and *Burch Downman,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for permitting a gaming device to remain upon premises of appellant; punishment, thirty days in the county jail.

The statement of facts found in the record is not approved by the county judge or authenticated in any way so that same can be considered. The information charged that appellant permitted a gaming device, to-wit: a device commonly known as a marble machine, to remain in his possession and on his premises to be used for gaming purposes.

There are no bills of exception or complaints of procedure, save a motion in arrest of judgment, based on the proposition that if appellant is guilty of any offense it is a felony and not a misdemeanor. Art. 630, P. C., provides that if any person

shall knowingly permit any table or device or equipment to remain in his possession or on premises under his control, or of which he is owner and to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year. Art. 630, P. C., was a part of Chap. 49, Acts First Called Session of 30th Legislature, which also contained Arts. 625 and 626, P. C., making a felon of him who keeps any premise, etc., or rents to another any premises, etc., for the purpose of being used as a place to bet, wager, etc., or as a place to keep or exhibit for the purpose of gaming any table, bank, alley, machine, wheel or device whatsoever; or as a place where people resort to gamble, bet or wager on anything whatever. Since said Art. 630; supra, seems aimed at him who permits gaming tables, etc., to remain on his premises, or on premises of which he is owner,—but which may not be actually in use as such gaming devices, tables, etc., we have upheld misdemeanor convictions in cases of prosecutions under said article charging that the accused permitted these tables, devices, etc., to remain on his premises. See Abraham v. State, 39 S. W. (2d) 42; France v. State, 39 S. W. (2d) 43. It seems clear to us that said article 630 would, and could, have no application to any state of facts from which it appeared that the paraphernalia, devices, tables, etc., mentioned or included in said article, were being made use of at such place for playing or exhibiting any games for which such devices, tables, etc., were usable as gambling tables and devices, and upon which money or other thing of value was being bet, wagered or staked. There is before us in the case at bar no statement of facts, but we wish to make it clear, in affirming this case, that we have in mind only that we find no necessary conflict in these statutes, and are merely upholding a misdemeanor conviction in a case whose facts, if before us, might show guilt of a felony, in which case we might hold otherwise.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*