J. C. GRAHAM V. THE STATE.

No. 20019.   Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*J. E Newberry,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at thirty days confinement in jail.

The prosecution proceeded under Art. 630, P. C., which provides that if any person shall knowingly permit any table or device or equipment to remain in his possession or on premises under his control, or of which he is owner, and to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year. It is appellant's contention that if the state's testimony is to be accepted he is guilty of violating the provisions of Art. 625, P. C., which reads as follows:

"If any person shall keep, or be in any manner interested in keeping any premises, building, room or place for the purpose of being used as a place to bet or wager, or to gamble with cards, dice or dominoes, or to keep or to exhibit for the purpose of gaming, any bank, table, alley, machine, wheel or device

whatsoever, or as a place where people resort to gamble, bet or wager upon anything whatever, he shall be confined in the penitentiary not less than two nor more than four years, regardless of whether any of the above mentioned games, tables, banks, alleys, machines, wheels or devices, or things are licensed by law or not. Any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any money or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting."

In short, appellant insists that the proof shows that the offense is a felony, over which the county court had no jurisdiction. Looking to the testimony, we find that officers discovered a slot machine in a back room of appellant's place of business. The officer testified that he put two nickles in the machine and that the mechanism worked. There was no proof that any other person had ever used the machine. However, one of the officers testified: "The slot machine had money in it that we found up at J. C. Graham's (appellant's) place of business." An employee of appellant testified that she had worked for appellant for several months; that the slot machine was brought to the place of business of appellant while appellant was absent and placed in the back room; that the machine had been there three weeks when the officers discovered it. She said: "Nobody ever played it while I was on duty. Nobody ever went back to it, to where it was while I was on duty. I did not permit them to do that." We quote further from her testimony, as follows: "People were not permitted to come in the side door of that building from that side street. It is always locked. It is locked on the inside and outside. It was not used as either entrance or exit. I discussed with Mr. Graham about the presence of the machine on the premises. He gave me instructions about the machine as his employee. He told me not to let anybody play it. He told me that when he came to work that morning. That was the first morning after the machine was left there. That was the first time he came to work after the machine was left there. My brother worked in the store for Mr. Graham too. I told my brother not to let anybody play it. I heard Mr. Graham give him some instructions about the machine. He told my brother not to let anybody go back there."

We are unable to agree with appellant's contention that the conviction should not be sustained under Art. 630, supra.

We quote from Scott v. State, 95 S. W. (2d) 140, as follows: "Since said article 630, supra, seems aimed at him who permits gaming tables etc., to remain on his premises, or on

premises of which he is owner, but which may not be actually in use as such gaming devices, tables, etc., we have upheld misdemeanor convictions in case of prosecutions under said article charging that the accused permitted these tables, devices, etc., to remain on his premises. See Abraham v. State, 118 Tex. Cr. R. 136, 39 S. W. (2d) 42; France v. State, (Tex. Cr. App.) 39 S. W. (2d) 43."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant again offers the complaint which is, in substance that this slot machine was in his possession temporarily, and that it was not being used or played at the time it was found by the police officers, and that therefore he was not guilty under Art. 630, Penal Code. The testimony showed that this machine seemed to be a fixture. A witness says that such machine was sitting in a steel cabinet that clamped around the botton of it, locked in this cabinet by means of a block of concrete; this cabinet that the machine was locked in weighed over five hundred pounds; it was necessary to tear the cabinet away from the machine with a wrecking bar; the top part of the machine was exposed where it could be used, and it was played by the officer.

We think the appellant, according to the testimony, was guilty of offending against the provisions of Art. 630, Penal Code, and that our views expressed in the original opinion herein correctly dispose of this matter.

The motion will be overruled.