# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann
~~WILL WILSON~~
ATTORNEY GENERAL

Hon. Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

>Opinion No. 0-1947
>Re: Is the Department of Public Safety
>authorized to seize punch boards,
>tip sheets, and/or slot machines
>from the warehouse or distributing
>point of a person or persons in the
>business of distributing same?

We have received your letter requesting the opinion of this department upon the above stated question.

Your letter reads as follows:

"Please advise me whether or not, in your opinion, we will be authorized to seize punch boards, tip sheets, and/or slot machines from the warehouse or distributing point of a person, or persons, in the business of distributing the aforementioned devices.

"The aforementioned devices, of course, are not being used for gambling purposes in the warehouses, but are being held to be distributed for illegal purposes."

We presume that you are interested in ascertaining whether or not punch boards, tip sheets, and/or slot machines must be exhibited for the purpose of gaming before they are subject to seizure, or may they be seized from the warehouse or distributing point of a person, or persons, in the business of distributing same, before they are actually distributed and exhibited for illegal purposes.

Article 630 of the Penal Code of Texas provides:

"If any person shall knowingly permit any gaming paraphernalia, table, or device or equipment of a gaming house, of any character whatever to remain in his possession or on premises under his control or of which he is owner and to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year."

Article 632 of the Penal Code of Texas provides:

"Whenever it comes to the knowledge of any sheriff or other peace officer, by affidavit of a reputable citizen, or otherwise, that any provision of the preceding articles of this chapter is being violated, such officer shall immediately avail himself of all lawful means to suppress such violation; and he shall be authorized, by any search warrant that is issued by virtue of this law, to enter any house, room or place to be searched, using such force as may be necessary to accomplish such purpose."

Article 636, of the Penal Code, provides:

"It shall be the duty of every sheriff, or other peace officer by virtue of the warrant authorized by this chapter to seize and take into his possession all gaming tables, devices and other equipments or paraphernalia of gambling houses, the existence of which has come to his knowledge and to immediately file with the justice of the peace, county judge, or district judge, a written list of property seized designating the place where same was seized, and the owner of same, or the person from whom possession was taken. Thereupon said justice of the peace, county or district judge shall note the same upon his docket and issue, or cause the clerk of the court to issue a written notice to the owner or person in whose possession the articles seized were found, commanding him to appear at a designated time, not earlier than five days from the service of such notice, and show cause why such articles should not be destroyed. . . ."

Article 637 of the Penal Code provides:

"If upon a hearing of the matter referred to in the preceding article, the justice of the peace, county judge or district judge, before whom the cause is pending shall determine that the property seized is a gaming table or bank or is used as equipment or paraphernalia for a gambling house, and was being used for gaming purposes, he shall order same to be destroyed, but any part of same may, by order of the court be held as evidence to be used in any case until the case is finally disposed of. Property not of that character or not so used shall be ordered returned to the person entitled to possession of the same. The officer, within not less than fifteen nor more than thirty days from the entry of said order shall destroy all property the destruction of which has been ordered by the court, unless the owner, lessee or person entitled to possession under this law, shall, before the destruction of said property, file suit to recover same.

"Sec. 2. If upon a hearing of the matter referred to in Article 636, Penal Code of Texas (1925) the justice of the peace, county judge or district judge before whom the cause is pending shall determine that the property seized, or any part thereof, is not gambling paraphernalia per se, but that the same or any part thereof was used as equipment or paraphernalia for a gambling house and was being used for gaming purposes and that said property is capable of being used for some legal purposes, he may, in his discretion, by order of the court declare the same confiscated and cause the same to be delivered to the State of Texas, or any political subdivision thereof or to any State institution to be kept by it for its own use and benefits.

"The officer shall show by his return the disposition of the property made by him which shall be in compliance with the orders of the court. Acts 1907, p. 110; Acts 1935, 44th Leg., p. 490, Ch. 203, ¶ 1."

In the case of Scott v. State, 95 SW 2d, 140 (Crim. App.) Judge Lattimore, in construing Article 630 of the Penal Code, supra, wrote:

"Such said Article 630, supra, seems aimed at him who permits gaming tables, etc., to remain on his premises, or on premises of which he is owner, but which may not actually be in use as such gaming devices, tables, etc., we have upheld misdemeanor convictions in cases of prosecutions under said article, charging that the accused permitted these tables, devices, etc., to remain on his premises. See Abraham v. State, 118 Tex. Crim. Rep. 136, 39 SW 2d 42; France v. State, (Tex. Crim. App.) 39 SW 2d 43. It seems clear to us that said Article 630 would and could, have no application to any state of facts from which it appears that the paraphernalia, devices, tables, etc., mentioned or included in said article, were being made use of at such place for playing or exhibiting any game for which such devices, tables, etc., were usable as gambling tables and devices, and upon which money or other thing of value was being bet, wagered or staked."

The above case was followed in the case of Graham v. State, 125 SW 2d 562, decided by the court of criminal appeals of Texas on January 25, 1939.

A slot machine is specifically named as a gambling device in Article 619 of the Penal Code, and although tip sheets and punch boards are not specifically mentioned in the Penal Code, the case of Starnes v. State, 21 Tex. 693, holds, in effect, that it is difficult to imagine any species of a table or a bank or gaming device that would not be included

in the clauses of the Code.

Whether or not the device was designed for gaming purposes is immaterial. It is the game or character of play on it that determines its status. Estes v. State, 10 Tex. 300; Starnes v. State, 21 Tex. 693; Chappel v. State, 27 Crim. Rep. 310; Bird v. State, 148 SW 738; Mills v. Browning, 59 SW 2d 219.

If the machine or article is a gambling device, or equipment or paraphernalia of any gambling house, it is to be destroyed. A gambling device may be one which is made primarily and principally for gambling, such as a roulette wheel, and this primary and principal purpose being established, no further proof of its actual use is required; or it may be a device which is useful for service to law abiding society, in which event the article itself must be shown to be actually used in gambling to constitute it condemnable. Mills v. Browning, 58 SW 2d 219.

Article 1, Section 9 of the Constitution of Texas provides:

"The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures and searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or information."

For the purpose of giving effect to Article 1, Section 9, of the Constitution of Texas, the Legislature enacted Article 4, Code of Criminal Procedure, the language of which is identical with Article 1, Section 9, supra, and Article 4a, Code of Criminal Procedure, which reads as follows:

"It shall be unlawful for any person or peace officer or State Ranger to search the private residence, actual place of ha' station, place of business, person or personal posessions of any person, without having first obtained a search warrant as required by law."

The Constitution and statutes do not prohibit every character of search and seizure without a warrant, but only prohibits unreasonable searches and seizures. It was held in Moore v. Adams, 91 SW 2d 447, that the sheriff of Potter County had a right to seize slot machines without a warrant, so long as the sheriff acted upon probable cause, and did not have to commit a trespass to gain entrance to the premises from which the slot machines were seized. In this case, the machines were operated for gaiming purposes in public places, to which the entire public, including the sheriff and his deputies, had access.

Under the state of facts as outlined in your letter, the gambling

devices or paraphernalia, are stored in a warehouse, and not in a public place to which the entire public, including members of the Department of Public Safety, have access.

In view of the foregoing statutes and authorities, you are respectfully advised that it is the opinion of this department that the Department of Public Safety is authorized to seize under a search warrant, punch boards, tip sheets and/or slot machines from the warehouse or distributing point of a person or persons in the business of distributing same. However, members of the Department of Public Safety are authorized to seize slot machines, or any other gambling device which is a gambling device per se, at any place where the same may be found, when the officers are at said place by lawful means.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/ D. Burle Daviss
        D. Burle Daviss
        Assistant

DBD:AW:ps


APPROVED APR 25, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS