**Ex parte Daniel Craig COOPER.**

**No. 62645.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 31, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post conviction proceeding brought under the provisions of Art. 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of possession of marihuana on February 25, 1971, in Cause No. 7725 in the 43rd District Court of Parker County. The petitioner asserts that the conviction is void and that the threatened use of the conviction to enhance punishment in a subsequent proceeding poses sufficiently grave collateral consequences as to entitle him to have the judgment in Cause No. 7725 set aside.

Petitioner waived indictment by a grand jury and pled guilty to a felony information. The petitioner's complaint is that the information was fatally defective because it failed to allege that the prosecution was brought "In the name and by authority of The State of Texas."

Art. V, Sec. 12 of the State Constitution, in part, provides:

"The style of all writs and process shall be, 'The State of Texas.' *All prosecutions shall be carried on in the name and by authority of the State of Texas, and*

shall conclude: 'Against the peace and dignity of the State.'"

Art. 21.02, V.A.C.C.P., in part, provides:

"An indictment shall be deemed sufficient if it has the following requisites:

"(1) It shall commence, 'In the name and by authority of The State of Texas.'"

It has long been held that an indictment or an information must commence "In the name and by authority of The State of Texas" and these words have been held to be indispensible. *Saine v. State*, 14 Tex. App. 144 (1880); *Jefferson v. State*, 24 Tex. App. 535, 7 S.W. 244 (1888); *Treadaway v. State*, 61 Tex.Cr.R. 546, 135 S.W. 147 (1910); *Alvarado v. State*, 83 Tex.Cr.R. 181, 202 S.W. 322 (1918). This constitutional requirement is a matter of substance rather than of form. *Cox v. State*, 8 Tex.App. 254. (1880).

Although minor variations in the wording of the required constitutional and statutory language, such as adding the word "the" before the word "authority", have been held to be immaterial, *Morris v. State*, 115 Tex. Cr.R. 503, 28 S.W.2d 155 (1930); *Banks v. State*, 107 Tex.Cr.R. 221, 296 S.W. 563 (1927); *Porter v. State*, 86 Tex.Cr.R. 23, 215 S.W. 201 (1919); *Moss v. State*, 60 Tex.Cr.R. 268, 131 S.W. 1088 (1910); *Weaver v. State*, 76 S.W. 564 (Tex.Cr.App.1903), the complete omission of the required constitutional statutory wording in the present case is controlled by long-standing precedent.

For the reason stated the relief is granted. It is so ordered.