**Dexter JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68129.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 30, 1981.

C. R. Daffern, Amarillo, for appellant.

Danny Hill, Dist. Atty. and Ken Johnson, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from an order of the trial court revoking appellant's probation which had been imposed after conviction for the offense of burglary of a building, as alleged in an information.

At the outset, we are confronted with fundamental error that is contained in the original charging instrument, an information, which requires review in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. See also *Kulhanek v. State*, 587 S.W.2d 424 (Tex.Cr.App.1979).

Appellant waived indictment by a grand jury and pled guilty to a felony information which fails to allege that it was brought "In the name and by authority of The State of Texas."

The charging instrument provides in whole as follows:

NO. 17798B

| THE STATE OF TEXAS | χ | IN THE 181ST DISTRICT COURT |
| VS. | χ | IN AND FOR |
| DEXTER JONES | χ | POTTER COUNTY, TEXAS |

### INFORMATION

Now comes Tom Curtis, District Attorney, 47th Judicial District of Texas, and presents in and to the District Court of Potter County, 181st Judicial District, State of Texas, that DEXTER JONES, herein-after styled defendant, heretofore on or about the 12th day of February A.D., 1977, and before the making and filing of this information, in the County of Potter and State aforesaid, did then and there knowingly and intentionally, with intent to commit theft, enter a building which was not open to the public, without the effective consent of Bessaleene Kent, the owner, Against the Peace and Dignity of the State of Texas.

TOM CURTIS
District Attorney
47TH Judicial District of Texas
By: /s/ John Laudder Davis
Assistant District Attorney

Art. V, Sec. 12 of the State Constitution, provides in part:

The style of all writs and process shall be, 'The State of Texas.' *All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.'* (emphasis added)

Art. 21.21, V.A.C.C.P. provides in part: "An information is sufficient if it has the following requisites: (1) *It shall commence 'In the name and by authority of the State of Texas'.*" (emphasis added)

It has long been held in this State that an indictment or an information *must* commence "In the name and by authority of The State of Texas." These words have been held to be indispensible to an Indictment or Information. *Ex parte Cooper*, 589 S.W.2d 130, 131 (Tex.Cr.App.1979); *Alvarado v. State*, 83 Tex.Cr.R. 181, 202 S.W. 322 (1918); *Treadaway v. State*, 61 Tex.Cr.R. 546, 135 S.W. 147 (1910); *Jefferson v. State*, 24 Tex.App. 535, 7 S.W. 244 (1888); *Saine v. State*, 14 Tex.App. 144 (1880).

Although minor variations in the wording of the required constitutional and statutory language have been held to be immaterial, see cases cited in *Ex parte Cooper*, supra, the complete omission of the required wording, "In the name and by authority of the State of Texas," in the present case is controlled by longstanding precedent, *Ex parte Cooper*, supra, and is

such a fundamental defect as to render the charging instrument fatally and fundamentally defective, rendering appellant's judgment of conviction null and void.

For the above reasons, the cause is reversed and the felony information is ordered dismissed.