Paula BRUCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0001–CR.

Court of Appeals of Texas, Amarillo.

Sept. 30, 1981.

Rehearing Denied Oct. 21, 1981.

Discretionary Review Refused Dec. 23, 1981.

Wicks & Lee, William E. Lee, Ralls, for appellant.

J. Billy Marley and John L. Barnhill, Crosbyton, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Paula Bruce waived indictment and subsequently was prosecuted for murder on an information.[1] A jury found her guilty and assessed her punishment at ten years confinement. Because the information is fundamentally defective, we must reverse and dismiss.

The information commences with these words:

I, J. BILLY MARLEY District Attorney of Crosby County, in said State do present unto said Court ....

Prior to the submission of her appeal, appellant had not challenged the information; however, the reviewing court is required to notice fundamentally defective charging instruments as unassigned error in the interest of justice. *Kulhanek v. State*, 587 S.W.2d 424, 425, n. 3 (Tex.Cr.App.1979).

1. One accused of an offense other than a capital felony may waive the right to be charged by indictment and be charged by information. Tex.Code Cr.P.Ann. art. 1.141 (Vernon 1977).

2. In a similar manner, the Code of Criminal Procedure provides that an indictment "shall commence, 'In the name and by authority of The State of Texas.'" Tex.Code Cr.P.Ann. art. 21.02(1) (Vernon 1966).

3. The information filed in this cause does not, contrary to the statutory direction that it should, allege its presentment in a court having jurisdiction of the offense set forth. *See* Tex.

The Texas Constitution prescribes: "All prosecutions shall be carried on in the name and by authority of the State of Texas ...." Tex.Const. art. 5, § 12. This constitutional mandate is incorporated into the Texas Code of Criminal Procedure by its provision that an information "shall commence, 'In the name and by authority of the State of Texas.'" Tex.Code Cr.P.Ann. art. 21.21(1) (Vernon 1966).[2]

The constitutional mandate is a matter of substance rather than of form.[3] *Ex parte Cooper*, 589 S.W.2d 130, 131 (Tex. Cr.App.1979). Resultantly, if, as in the cause before us, the constitutional statutory language is completely omitted from the commencement of the information, the information is thereby rendered fundamentally defective. *Id.* A fundamentally defective information will not support a conviction, *Keeton v. State*, 159 Tex.Cr.R. 431, 264 S.W.2d 737, 738 (1954), particularly where the fatal defect in the information is the omission of a matter of substance. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 602 (Tex.Cr.App.1974). Indeed, a fundamentally defective charging instrument even fails to invoke the jurisdiction of the court.[4] *Daniels v. State*, 573 S.W.2d 21, 24 (Tex.Cr.App.1978).

Recognizing the validity of the law cited, the State nevertheless urges, first, that appellant was not misled to her detriment by the information filed. That is not the point; the point is that, as noted, the fundamental defect in the information deprived the court of jurisdiction to proceed to a conviction.

Code Cr.P.Ann. art. 21.21(2) (Vernon 1966). Yet, the omission is merely a matter of form which, not being raised prior to trial, may not be noticed as error on appeal. *Stribling v. State*, 542 S.W.2d 418, 419 (Tex.Cr.App.1976).

4. Appellant's waiver of indictment does not serve to validate the otherwise fundamentally defective information because "a felony information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction." *King v. State*, 473 S.W.2d 43, 51–52 (Tex.Cr.App.1971).

Second, the State submits that the present law is an anachronism, resting on ancient precedent of technical pleadings sans a critical analysis of the logic of those earlier decisions. To the contrary, the constitutional requirement for the commencement of the charging instrument

is not to be considered technical in its nature. In view of the mandatory provision of the Constitution it has not been so regarded in Texas. In fact, the contrary doctrine has been laid down and followed ... The Constitution has provided that indictments shall begin, "In the name and by the authority of the state of Texas," ... As before stated, this has been held to be mandatory, not that it affects the charging allegations in the indictment, but because the Constitution has provided it shall be so. Where the Constitution provides and commands that a thing shall be done, the matter must be done as indicated. The Legislature, executive, nor the courts have authority to set aside these mandates. This is not a directory, but a mandatory, provision....

*Alvarado v. State*, 83 Tex.Cr.R. 181, 202 S.W. 322, 323 (1918). *Accord Ex parte Cooper, supra,* at 131.

Accordingly, the judgment of conviction is reversed and the prosecution based on this information is dismissed.