NO. 07-07-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 24, 2008

_____

LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413,890; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lindsey Ford Jr., was convicted of the first degree felony offense of burglary of a habitation,[1] enhanced by two prior felony convictions. Although the underlying indictment contained three separate counts, the judgment, as drafted, constitutes only one

_____

[1]Tex. Penal Code Ann. § 30.02 (Vernon 2003).

conviction and one sentence. Punishment was assessed at life imprisonment to run concurrent with four separate sentences arising from four additional indictments.[2] Appellant contends (1) the State's evidence presented during his plea proceeding was factually insufficient and (2) the life sentence for this offense to run concurrently with three other life sentences for similar offenses is disproportionate, *i.e.* his punishment was cruel and unusual. However, because we find a fundamental error in the plea proceedings below that renders the trial court's judgment void, its judgment is reversed and the cause remanded.

## Background

On October 2, 2006, a Lubbock County Grand Jury returned the indictment which is the subject of this appeal charging Appellant with three counts of burglary of a habitation, enhanced by two prior felony convictions.[3] Count I alleges Appellant intentionally, without

---

[2]In a single proceeding, Appellant was also convicted of: (1) Cause No. 2006-413,889, burglary of a habitation, enhanced; (2) Cause No. 2006-413,895, burglary of a habitation, enhanced; (3) Cause No. 2006-414,532, burglary of a habitation, enhanced; and, (4) Cause No. 2006-413,878, forgery of a financial instrument. Appellant was sentenced to life on each of the burglary charges and twenty years on the forgery charge. Again, although the indictment in Cause No. 2006-413,878 contained multiple counts, the judgment, as drafted, constitutes only one conviction and one sentence.

[3]The indictment also alleges that, prior to the commission of the alleged burglary, Appellant had been convicted for the felonies of burglary and credit card abuse. The indictment alleged Appellant had been convicted for the felony of burglary on September 9, 1992 in the 237th District Court of Lubbock County, Texas, in Cause No. 92-414,991 and, on August 31, 1990, he was convicted of the felony of credit card abuse in the 137th District Court of Lubbock County, Texas, in Cause No. 89-409,763.

the effective consent of the owner, Brenda McCrory,[4] entered her habitation with the intent to commit theft on August 31, 2006. Count II alleges Appellant intentionally, without the effective consent of the owner, Timothy Key, entered his habitation with the intent to commit theft on August 4, 2006. Count III alleges Appellant intentionally, without the effective consent of the owner, Timothy Key, entered his habitation a second time with the intent to commit theft on September 2, 2006.

On May 10, 2007, Appellant appeared in open court, with counsel, and acknowledged to the court that it was his "intent to enter an open plea to each of the cases that are pending against [him] here today."[5] Appellant further acknowledged there was no plea agreement with the State, his plea was freely and voluntarily given and he was waiving certain rights including his right to a trial by jury, as well as his right to confront and cross-examine witnesses in open court. The record further reflects Appellant filed his *Written Admonishments,*[6] wherein he indicated he was "desiring to enter a plea of guilty."

---

[4]The reporter's record reflects "Brenda" McCrory while the indictment refers to "Brinda" McCrory.

[5]*See* fn. 3. Appellant's four other convictions are the subject of appeals filed in this Court in Cause Nos. 07-07-0222-CR, 07-07-0223-CR, 07-07-0225-CR, and 07-07-0226-CR. Opinions in these appeals are also being issued simultaneously.

[6]The Written Admonishments were signed by Appellant, his attorney and the trial judge. The admonishments set forth the range of punishment for the offense charged; affirmed Appellant's mental competency; admitted his plea was given freely and voluntarily; recognized no one made any promises to him to induce his plea; admitted his understanding regarding his constitutional rights to trial by jury, right to confront witnesses and the right to not be compelled to testify against himself at trial; *acknowledged that if he pleads guilty he waives the afore-mentioned rights*; acknowledged his understanding as

Nevertheless, after accepting Appellant's pleas of guilty to charges in the four other indictments, the following exchange occurred:

THE COURT: I think that covers all of them. Do you have any questions?
THE DEFENDANT: No, sir.
THE COURT: Okay. If you'll have a seat.
MS. SAY: The State calls Brandye Jordan, your Honor.

Consequently, Appellant never entered a plea with respect to the underlying indictment. Neither the State nor Appellant brought this deficiency to the trial court's attention. The trial court then heard the State's evidence (including evidence supporting the allegations in the underlying indictment) and later reviewed Appellant's pre-sentence report. The trial court then pronounced Appellant's sentence:

THE COURT: In Cause No. 2006-413,890, you having pled guilty to the charge of burglary of a habitation as to Brenda McCrory and Timothy Key, and having pled guilty and having pled true to the enhancement paragraphs that were alleged in that indictment, the Court sentences you to life in the Texas Department of Corrections.

## Discussion

We find it unnecessary to consider the issues raised by Appellant because the trial court inadvertently committed fundamental error by convicting Appellant in the absence of a plea. Accordingly, its judgment rendered in this case is void.

---

to restitution; and the contents of the Written Admonishments. (Emphasis added).

4

Although this issue was not raised below or on appeal, fundamental constitutional implications regarding due process in this particular case require our attention. *See Boutwell v. State*, 719 S.W.2d 164, 173 (Tex.Crim.App. 1985); *Carter v. State,* 656 S.W.2d 468, 468-69 (Tex.Crim.App. 1983). Under these circumstances, we have jurisdiction and authority to review unassigned error. *Bigon v. State,* ___ S.W.3d ___, Nos. Pd-1768-06, PD-1770-06, 2008 WL 141929, at *7 (Tex.Crim.App. Jan. 16, 2008); *Sanchez v. State,* 209 S.W.3d 117, 120 (Tex.Crim.App. 2006).

Appellant's conviction, in the absence of a plea, deprived him of numerous, fundamental due process rights intended to assure that an accused receives a fair trial. As previously noted, Appellant's waiver of rights was conditional upon a plea of guilty. In the absence of a plea of guilty there was no waiver of rights. Consequently, as to the allegations contained in the underlying indictment, Appellant was deprived of his right to a trial by jury. This is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by the Texas Constitution. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 15.

Neither was his conviction in conformance with the applicable statutory scheme. In this State, a person cannot be convicted of a felony "except upon the verdict of a jury duly rendered and recorded, unless the defendant, *upon entering a plea*, has in open court in person waived his right of trial by jury in writing in accordance with articles 1.13 and 1.14 [of the Code of Criminal Procedure]." Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005)

5

(emphasis added).  Here neither occurred–Appellant did not receive a jury trial and he did not enter a plea in open court.  A plea of "guilty" or a plea of "*nolo contendere*" in a felony case must be made in open court by the defendant in person and the proceedings must comport with the requirements of articles 1.13 and 1.15 when the plea is before a judge alone.  Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 2005).  Again, Appellant did not plea in open court and the trial court failed to follow mandatory statutory procedures.  Taking a plea, guilty or not guilty, is mandatory and, if the defendant refuses to plea, the trial court must enter a plea of not guilty for the defendant.  Tex. Code Crim. Proc. Ann. art. 26.12 (Vernon 1989).  The trial court neither received nor entered a plea for Appellant.  In short, Appellant was denied numerous procedural protections, both constitutional and statutory.  *See Mendez v. State,* 138 S.W.3d 334, 344 (Tex.Crim.App. 2004).

"It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity since there is no issue for the jury or the court.  *Lumsden v. State,* 384 S.W.2d 143, 143-44 (Tex.Crim.App. 1964) (collected cases cited therein); *White v. State,* 932 S.W.2d 593, 596-97 (Tex.App.–Tyler 1995, no pet.).  Without a plea, no issue is joined; *Johnson v. State,* 118 Tex. Crim. 291, 42 S.W.2d 782, 783 (1931);  *Jefferson v. State,* 24 Tex.App. 535, 7 S.W. 244, 245 (1888); *Pate v. State,* 21 Tex.App. 191, 17 S.W. 461, 462-63 (1886), and a trial would be "absolutely without result." *Mays v. State,* 51 Tex. Crim. 32, 101 S.W. 233, 234 (1907).  Moreover, where there is no plea, jeopardy has not attached.  *See Seale v. State,* 158 Tex.Crim. 440, 256 S.W.2d 86, 88 (1953); *Mays,* 101 S.W. at 234; *State v. Harkins,* 705 S.W.2d 788, 790

6

(Tex.App.–Dallas 1986, no pet.). If a person has neither pleaded guilty to a crime nor been tried for the crime, he has not been convicted of the crime. *Willis v. State,* 389 S.W.2d 464, 464-65 (Tex.Crim.App. 1965); *Lumsden,* 384 S.W.2d at 144.

Here, the record contains no statutory admonishments from the bench or plea in open court related to the indictment upon which Appellant stands convicted. That Appellant may have intended to plea to the indictment or the trial court mistakenly thought a plea had taken place is insufficient to support the conviction. Finding a plea of guilty where none has occurred violates a myriad of due process rights owing to Appellant in the absence of a trial.

Convicting Appellant without a plea is fundamental error; *Jefferson,* 7 S.W. at 245, or "structural" error representing a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Mendez v. State,* 138 S.W.3d at 340, quoting, *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Thus, the trial court committed fundamental error in violation of Appellant's due process rights and issued a judgment that is void. As such, we need not undertake a harmless error analysis. *Mendez,* 138 S.W.3d at 339-340; *White,* 932 S.W.2d at 597.

Moreover, the trial court's judgment is void because the court lacked authority or power to render the judgment in question in the absence of a plea or jury verdict. *See Nix v. State,* 65 S.W.3d 664, 667-68 (Tex.Crim.App. 2001) ("A void judgment is a 'nullity' and

7

can be attacked at any time."); *Lumsden,* 384 S.W.2d at 143 (in the absence of a plea in a criminal case, the trial is a nullity); *White,* 929 S.W.2d at 505 (conviction void).

Because the judgment entered in Cause No. 2006-413,890 is a nullity, Appellant's issues are pretermitted.

## Conclusion

The trial court's judgment is reversed and the cause remanded.

Patrick A. Pirtle
Justice

Do not publish.

8