### JOE BIRD v. THE STATE.

*No. 847.   Decided April 29th, 1896.*

#### Indictment—Conclusion—Constitutional Law.

The Constitution, Art. 5, Sec. 12, is imperative, that an indictment must conclude "Against the peace and dignity of the State"; and, an indictment is fatally defective which uses the word "ainst," instead of "against", in its conclusion.

APPEAL from the County Court of Fayette.   Tried below before Hon. W. S. ROBSON, County Judge.

Appeal from a conviction for unlawfully betting at a gaming table

and bank kept and exhibited for the purpose of gaming; penalty, a fine of $10.

The court below overruled a motion to quash the indictment, because it did not conclude as prescribed by law.

*Phelps & Walters*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted in the court below under the gaming laws, and fined $10, and prosecutes this appeal. A motion was made to quash the indictment in the court below on the ground that it did not conclude with the expression, "against the peace and dignity of the State," and the original indictment has been sent up with the record to this court for our inspection, in order to determine said question. The contention is that the word "against" is omitted. We have inspected said indictment in this record carefully, and there is no doubt that the word is spelled "ainst." The letters "ag" being entirely omitted. The Constitution is imperative that the indictment must conclude, "against the peace and dignity of the State." See, Constitution, Art. 5, § 12. No doubt it was the intention of the pleader to have begun this clause with the proper word "against." But instead thereof he entirely omitted the two beginning letters that would have spelled said word and uses an entirely different word that is not idem sonans, and has no meaning at all. Can we supply this omission? We think not. We would again call attention to the fact that more care and diligence should be exercised in such matters by the lower courts. A motion was made to quash this indictment, and it does occur to us that when this matter was called to the attention of the court a new indictment or complaint should have been filed, so that the delay and costs of this transaction might have been avoided. The judgment is reversed and the cause dismissed.

*Reversed and Dismissed.*