## EX PARTE BUD JACKSON.

### No. 3406.   Decided October 10, 1906.

**1.—Disturbing Religious Worship—Habeas Corpus—Constitutional Law—Complaint—Custody.**

Where relator was in jail when application for habeas corpus was presented to a judge of the Court of Criminal Appeals, a motion by the State to dismiss was overruled.

**2.—Same.**

A prosecution for disturbing religious worship before a justice of the peace by complaint, which did not begin with the constitutional requirement, "In the name and by authority of the State of Texas" is absolutely null and void; and defendant was released on habeas corpus.

From Wood County.

Original application for habeas corpus for release from a commitment upon a conviction of disturbing religious worship.

The opinion states the case.

*Mounts & Jones,* for relator.—Samuels v. State, 50 S. W. Rep., 715; Ex parte Morales, 53 S. W. Rep., 107.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an original application for the writ of habeas corpus. The facts show that appellant was tried in the justice court of Wood County on an affidavit charging him with disturbing religious worship. He made a motion in arrest of judgment in that court on the ground that the complaint did not begin with the constitutional requirement, "In the name and by authority of the State of Texas," which was overruled and appeal was prosecuted to the county court. Motion was made again in the county court to quash the complaint on the same ground, which was overruled, and he was tried and convicted. He then applied to the county judge for the writ of habeas corpus, which was refused, and then applied to the Presiding Judge of this court, who granted the writ.

Motion has been made to dismiss by the Assistant Attorney-General, on the ground that applicant was not in jail when the application was presented to the county judge, and affidavits are presented showing that fact. However, it does appear that he was in jail when the application

was presented to the Presiding Judge of this court. The motion is accordingly overruled.

The ground of the application to discharge relator here made is that the complaint upon which the prosecution was based is void, because it did not begin with the words, "In the name and by authority of the State of Texas." The contention being that this is a "prosecution," and under our Constitution (article 5, section 12), "All prosecutions shall be carried on in the name and by authority of the State of Texas," etc. While this is a constitutional requirement, and in our view this is a "prosecution" (Ex parte Fagg, 38 Texas Crim. Rep., 573) still it appears to have been held that this language is not an essential requirement in a prosecution of a misdemeanor. Johnson v. State, 31 Texas Crim. Rep., 465; Jefferson v. State, 24 Texas Crim. App., 535. The latter case affords a full discussion of the question; but there, as in the Johnson case, the complaint was merely the basis for the information, and the information commenced with the language contained in the Constitution. It is said our statute requires this as to indictments and informations but not as to complaints. And so far as we are aware the question here presented has not been before this court. Here the offense charged was only by complaint, and the prosecution was conducted solely on this complaint. In Drummond v. Republic, 2 Texas, 157, a similar provision in the then Constitution of the Republic was construed by Justice Wheeler, and the court decided that "carried on" did not refer to the language to be used in the complaint; that it was sufficient that the prosecution was carried on by the proper law officer acting under the authority and conducting the prosecution in the name of the government. In our present Constitution the requirement, as has been seen, is that the prosecution shall be carried on in the name and by authority of the State of Texas, and that it conclude against the peace and dignity of the State. It has been held in a number of cases that the conclusion to an indictment or information is an absolute essential requirement. Our statute in prescribing the requisites of a complaint neither requires the constitutional beginning or conclusion. Article 256, 257 and 938, Code Criminal Procedure. The question is whether or not the Legislature could dispense with this constitutional requirement; and if it could, would the complaint be merely irregular and voidable, or would it be absolutely void: so that the question could be reached on habeas corpus. In this particular case, as we have seen applicant attempted to avail himself of the defect in both the justice and county courts, but was overruled, and now he claims that this being a prosecution, the constitutional requirement applies, and because of the failure to use the language required in the Constitution in the prosecution of all criminal cases, that the same is absolutely null and void; and that he has no remedy except by the writ of habeas corpus to enforce this constitutional requirement. If this is a constitutional requirement and refers to the language to be used in the procedure by which a

prosecution is inaugurated, under our authorities it appears to be an essential requisite in all prosecutions. Undoubtedly a trial on a criminal charge by complaint before a justice of the peace for an offense cognizable by him, is a prosecution for an offense prescribed by statute. Ex parte Fagg, 38 Texas Crim. Rep., 573, and authorities there cited. Accordingly we hold that where, as in this case, the prosecution is solely on complaint before a justice of the peace, the constitutional requirement that the same be carried on in the name and by authority of the State of Texas, must be complied with. "Carried on" means and refers to the prosecution which is by a written complaint; and because this prosecution was not begun "in the name and by authority of the State of Texas," the same is absolutely null and void.

The relator is discharged.

*Relator discharged.*