HERMAN BELL and W. CRAWFORD v. THE STATE.

No. 6066.    Decided January 26, 1921.

**Theft—Complaint—Information—Motion in Arrest of Judgment.**

Where, the motion in arrest of judgment was made because the complaint did not begin with the Constitutional requirement: "In the name and by the authority of the State of Texas," but the information contained that necessary allegation, there was no reversible error in overruling defendant's motion in arrest of judgment. Following Treadway v. State, 61 Texas Crim. Rep., 546, and other cases.

Appeal from the County Court at Law No. 2, of Harris. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of misdemeanor theft; penalty, three months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellants were convicted of theft. The complaint upon which the information is based does not begin "In the name and by the authority of the State of Texas." The information does begin "In the name and by the authority of the State of Texas." Motion in arrest of judgment was made because the complaint did not begin with the constitutional requirements: "In the name and by the authority of the State of Texas." This question has been before the court in several cases. It has been held that if the prosecution is upon an information it is not essential that the complaint on which it is based should begin "In the name and by the authority of the State of Texas." The information contains that necessary statement. It has been further held that where the prosecution is based alone upon a complaint in a court where such offense may be prosecuted, it is invalid unless it begins by using the words: "In the name and by the authority of the State of Texas;" but if it does so begin in the information, then the omission of such expression from

the complaint is not fatal. Saine v. State, 14 Texas Crim. App., 144; Brown v. State, 46 Texas Crim. Rep., 572; Ex Parte Jackson, 50 Texas Crim. Rep., 324; Treadway v. State, 61 Texas Crim. Rep., 546; Jefferson v. State, 24 Texas Crim. App., 535; Johnson v. State, 31 Texas Crim. Rep., 465; Sessions v. State, 98 S. W. Rep., 243. Under these authorities the motion in arrest of judgment was correctly over-ruled. Had this case been prosecuted alone upon a complaint and not upon a complaint and information, a different holding would result. This criminal proceeding is carried on in the name and by the author-ity of the State of Texas as contained in the information, predicated upon the complaint. Therefore, under the authorities it is sufficient, and the court was correct in overruling the motion in arrest of judg-ment.

The judgment will be affirmed.

*Affirmed.*