## W. C. Burnett v. The State.

No. 6115.   Decided March 2, 1921.

**1.—Adultery—Complaint—Upon Evidence and Belief.**

Where, upon trial of adultery, the complaint was made upon "evidence and belief" of affiant, the same was good and supports the information, following Anderson v. State, 34 Texas Crim. Rep., 96, and other cases; and besides, no motion to quash was filed, and the motion in arrest of judgment did not urge this ground.

**2.—Same—Information—Habitual Carnal Intercourse—Living Together.**

Where the complaint and information charged defendant with unlawfully having habitual carnal intercourse with Ethel Busby without living together, the contention of defendant that the State failed to make out its case because the parties lived together is untenable, where the proof showed the parties inhabited separate and distinct rooms, although they lived in the same house, and there was no testimony suggesting that defendant supported and maintained or aided in supporting his paramour.   Following Boswell v. State, 48 Texas Crim. Rep., 47, and other cases.

Appeal from the County Court of Erath.   Tried below before the Honorable E. E. Solomon.

Appeal from a conviction of adultery; penalty, a fine of $100.

*J. A. Johnson,* for appellant.—On question of insufficiency of the evidence: Mitten v. State, 6 S. W. Rep., 196; Bird v. State, 11 id., 641.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, Judge.—The appellant in this case was convicted of adultery and his punishment assessed at a fine of $100.

An examination of the evidence discloses that the appellant was justice of the peace, and had his office in the courthouse at Stephenville, in Erath County, and all the acts of intercourse with his paramour as testified to either directly or inferentially occurred in his office.   It would not be entertaining or conducive to good morals to set out in detail the evidence, but it is sufficient for this court to say that we find the evidence discloses beyond a reasonable doubt that the appellant was guilty of habitual carnal intercourse with Ethel Busby as charged in the information.

Appellant requests the court to review the question as to the validity of the complaint which, as disclosed by the record, is made "upon evidence and belief" of affiant.   The complaint is good and will support the information.   Anderson v. State, 34 Texas Crim. Rep., 96; Brown v. State, 11 Texas Crim. App., 451.   If it were defective this court could not review it.   No motion to quash was filed, and the motion in arrest of judgment did not urge this ground, but because appellant

claims the evidence was insufficient. The first time the court's attention was called to the alleged defect in the amended motion for a new trial, which was filed more than a month after the judgment was rendered, and if this could be construed as a motion to arrest, it comes too late because motions in arrest of judgment must be filed within two days after conviction. Vernon's C. C. P., Art. 848.

The complaint and information charge appellant with unlawfully having habitual carnal intercourse with Ethel Busby "without living together," and appellant contends the State failed to make a case on this allegation, but if it showed guilt it was under a "living together," which is not charged in the information. The evidence upon this point, as we gather from the statement of facts, shows that Ethel Busby for a time, with another young lady, boarded at the house of appellant and attended school at Stephenville; that later on her father and mother and herself went to live in the same house with appellant and his wife, but occupied different rooms in the house, both for living and sleeping quarters, but would occasionally, when convenience suggested it, take their meals at the same table; but they did their cooking separately, and their living was in fact separate and apart the one family from the other. Counsel for appellant contends that these facts show a "living together." In Bradshaw v. State, 61 S. W. Rep., 713, this court said: "To support the conviction upon the count charging the parties with living together and committing adultery, there must be something more than the fact that the parties lived on the same place, or even in the same house. While the proof on the part of the State showed that the parties lived in the same house, it was also shown that they lived and inhabited separate and distinct rooms in said house. There is no testimony suggesting that appellant supported, maintained, or aided in supporting his paramour." To the same effect is Boswell v. State, 48 Texas Crim. Rep., 47, 85 S. W. Rep., 1076.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*