RAY KIMBRO V. THE STATE.

No. 18862. Delivered March 3, 1937.

The opinion states the case.

*Emmett Wilburn,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of $100.00.

Acting under a search warrant, officers went to the filling station of Carroll Harris at night time for the purpose of making a search for intoxicating liquor. Among those present at the filling station was the appellant, who was in possession of a .45-calibre pistol which was loaded at the time. An officer took the pistol from the appellant who had it exposed in his belt. Appellant escaped from the officers during their raid but was arrested and placed in jail on the following morning.

Appellant did not testify but introduced in his behalf the witness Rogers, who testified that appellant came to the filling

station mentioned and said he was looking for a taxicab. Rogers opened a drawer and handed appellant a pistol found therein, which appellant said belonged to him. Appellant took the pistol, went over and sat down in the filling station and in a few minutes drew the pistol and pointed it at Rogers. About that time the officers arrived and made the raid, during which the pistol was taken from the appellant.

The defensive theory presented by the appellant is that the pistol had been left at the filling station by one Oscar Rudd, who had brought it back from Shreveport, Louisiana, where it had been taken for repairs; that Rudd left the pistol with Rogers and told him to deliver it to the appellant whenever he called for it; that shortly after appellant had received the pistol from Rogers he was apprehended by the officers as he was in the act of taking the pistol to his home.

In rebuttal the State introduced the deputy sheriff who testified that he saw appellant jerk the pistol from his belt and point it at the witness Rogers; that Rogers did not hand the pistol to the appellant at that time.

Bills of Exception Nos. 1 and 2 complain of the action of the court in overruling the appellant's motion to quash the information upon the ground of variance in that the word "didnity" was used instead of "dignity" in the concluding line of the information. The rule seems to be well settled that the misspelling of words will not vitiate an indictment, information or complaint if the sense is not affected and the meaning cannot be mistaken. See Branch's Ann. Tex. P. C., secs. 488-490; also 23 Tex. Jur., p. 621, sec. 25. In view of the authorities cited, we think there is no merit in the contention presented.

Bill of Exception No. 3 relates to an attempt to impeach the witness Rogers on his cross-examination on the question as to the possession of the pistol by the appellant. We perceive no reason for setting out the matter in detail. However, we are of the opinion that no error is presented by the bill.

The controverted issues of fact having been solved by the jury in favor of the State upon proper instructions from the court, and deeming the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.

*Affirmed.*