WILLIAM CHARLES WILKES V. STATE.

No. 25095. January 17, 1951.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 11, 1951.

*Cofer & Cofer*, by *John D. Cofer*, Austin, for the appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of driving a motor vehicle upon a public street while under the influence of intoxicating liquor and assessed a fine of $50.00, from which he appeals.

There is but one question raised upon this appeal and that relates to the sufficiency of the complaint upon which the information herein is based. That complaint, in the preliminary portion thereof, reads as follows:

"BEFORE ME, the undersigned authority, on this day person-

ally appeared Lt. H. W. Heiling, who after being by me duly sworn, on oath, deposes and says (that he has good reason to believe and does *belive* and charge) that heretofore, on or about the 15th day of January, 1950, and before the making and filing on this complaint," etc.

The complaint is leveled at the fact that the word "believe" in its second use herein was spelled *"belive"*, leaving out the letter "e" when used in the second syllable thereof.

Article 222, section 2, relative to the constituent elements of a complaint states that "It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." This requirement relative to a complaint is statutory only, and it is not required of a complaint where the prosecution is based upon an information.

It has been held that where the prosecution is by information based upon a complaint, it was not necessary that the complaint commence, "In the name and by the authority of the State of Texas," provided the information began with such phrase. See Johnson v. State, 31 Tex. Cr. R. 464, 20 S.W. 980; Jefferson v. State, 24 Tex. App. 535, 7 S.W. 244. The above cases do not apply to a prosecution in the justice court. See Ex parte Jackson, 50 Texas Crim. Rep. 324, 96 S.W. 924.

We have heretofore held in Dodson v. State, 35 Tex. Cr. R. 571, 34 S.W. 754, that to omit the word "good" before the word "reason" would not vitiate the complaint. We also made the same holding in Lollar v. State, 143 Tex. Cr. R. 423, 159 S.W. (2d) 132.

Again, we held in Keenan v. State, 120 Tex. Cr. R. 616, 48 S.W. (2d) 264, in the opinion on rehearing, that a complaint based on the phrase "according to his information and belief" was sufficient. In that case, Judge Hawkins said:

"However, giving effect to that part of the statute which requires no particular form for a complaint, we are inclined to the view that the recitals in the beginning of the complaint are equivalent to the statement that from the information which affiant had received he 'does believe' accused to be guilty of the offense of theft, and so charges under oath," (citing Brown v. State, 11 Tex. App. 451; Burnet v. State, 88 Tex. Cr. R. 598, 228 S.W. 239).

In the early history of this court in the case of Wooldridge v. State, 13 Tex. App. 443, this court reversed a death penalty because of the fact that the jury in its verdict found the accused guilty of murder in the "fist" degree, the jury leaving out the letter "r", thus failing to state what degree of murder they found. Indictments were held fatally defective in instances where the article "the" had been omitted before the noun "State", etc.

Again, when the verdict of the jury read "guitty" or "guily" or "guitly" instead of the word "guilty", and in many other instances cited by appellant, a strict rule was applied to such matters.

In an effort to clarify the position of this court, Judge Hurt, in McGee, et al. v. State, 39 Tex. Cr. R. 190, 45 S.W. 709, laid down the general doctrine "that where the sense is clear, neither incorrect orthography nor ungrammatical language will render a verdict illegal or void, and that it is to be reasonably construed, and in such manner as to give it the meaning intended to be conveyed by the jury," citing among other cases, Shelton v. State, 27 Tex. App. 443, 11 S.W. 457, and holding good a verdict as follows: "We, the *josurys*, find the defendant *gilty*," as well as in Stepp v. State, 31 Tex. Cr. R. 349, 20 S.W. 753, finding the defendant "guitty", and many other cases cited in the McGee case, supra.

We are cited to many cases, among them that of Bird v. State, 37 Tex. Cr. R. 408, 35 S.W. 382, which was reversed because the word "against" had two letters therein omitted making the word "ainst." This exact misspelling of such word had been held not to be erroneous in the case of Hudson v. State, 10 Tex. App. 215, where the word "aganist" was used instead of "against."

Appellant has filed a brief of fourteen pages evidencing much study and research, but the matters herein offered by him can be summarized in this final conclusion that if the context be clear, but the pleader has used a word by accident, mistake of otherwise, that has a meaning other than the one prescribed by statute to be so used, then its use relating to a statutorily prescribed word is error. As shown by his citations to dictionaries as well as to Spencer's "Faire Queene" and Robert Burns' "Cotter's Saturday Night", and others, he does find that there is such a word as "belive" being listed in the dictionary as obsolete except in Scotland.

We are of the opinion that the pleader intended to say that the affiant had good reason to believe and did believe, but by poor orthography, bad spelling or mistake in spelling, he failed to properly spell the last "believe".

We do not feel called upon to rule that such pleader had recourse to an obsolescent word not in use nor recognized as a present element of the English language in order to say "forthwith, quickly, soon," as found in its obsolescence.

See Kimbro v. State, 132 Tex. Cr. R. 65, 102 S.W. (2d) 416, in which case the word "dignity" in the conclusion of an information was spelled "didnity". We therein held that the misspelling of words will not vitiate an indictment if the sense is not affected and the meaning cannot be mistaken, citing Branch's Ann. Tex. P.C., secs. 488-490; also 23 Tex. Jur. p. 621, sec. 25.

We think that anyone could readily see what word was there intended and under the rules laid down relative to complaints and their contents, we are not willing to hold this complaint to be insufficient upon which to base an information.

No other questions being presented to us, this judgment will be affirmed.