## HERBERT LOVE V. STATE.

No. 25,812. April 9, 1952.
Motion for Rehearing Denied May 14, 1952.

Hon. W. H. Hindman, Judge Presiding.

*Winston P. Brummett* and *A. W. Salyars,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area; the punishment, a fine of $300.00 and 90 days in jail.

The complaint and information appear regular.

The record is before us without a statement of facts or bills of exception; and nothing being presented for review, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellant has filed a motion for rehearing which he bases on two complaints. The first is that subsequent to the trial in the county court appellant was indicted and tried in the district court upon a charge of perjury in which it is alleged

that he swore falsely in the trial of this case, the particular defensive evidence being that he was not in the county at the time of the sale. Since this case has been on appeal he was tried and acquitted of perjury.

No brief and no arguments were presented on the original submission of this cause. After its affirmance a motion for rehearing has been filed and he has presented, with his brief and argument, certified copies of certain pleadings and orders in the district court in the perjury trial. This is to support his plea before this court for a reversal of the instant case under the contention that, having been acquitted by the district court jury of a different offense involving the same facts, before his case was finally disposed of in this court, he is now entitled to a plea of former jeopardy.

In the first place, and without any intimation that there is merit in the contention, this court does not try cases on their merit. We are in no way concerned with what happened to appellant in some other case subsequent to the one from which this appeal comes. We have read his very interesting brief and cannot agree with the novel contentions made. If this court should permit additional pleading and evidence we would be departing from the holding in any case known to us.

The second proposition raises a question as to variance between the complaint and information. No question was raised about this in the court below and none on original submission of the case. It cannot be raised at this time. See Burnett v. State, 88 Tex. Cr. R. 598, 228, S.W. 239.

Appellant's motion for rehearing is overruled.