## ELMER VOGT V. STATE.

No. 26,445. May 20, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 24, 1953.
Writ of Certiorari Denied by Supreme Court of United States
November 30, 1953.

*Floyd Duke James,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Anthony Nicholas, Jr.,* Assistant Criminal District Attorney, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully carrying a pistol, with punishment assessed at a fine of $125. The trial was to the court, a jury having been waived.

Whether or not officers were authorized to arrest appellant, search his automobile, and find in the glove compartment thereof the pistol which the state claims he was thereby unlawfully carrying ceased to be an issue when appellant, while testifying as a witness in his own behalf, admitted possession and the presence of the pistol in the automobile at the time. An accused may not complain of the receipt in evidence of facts to which he himself also testified. Soble v. State, 153 Tex. Cr. R. 629, 218 S. W. 2d 195.

The defensive theory was that, on the day of the alleged offense, appellant changed his place of abode, and, in moving, had placed the pistol in the glove compartment of the car, which he locked, and had forgotten about the pistol being there.

Appellant also sought to inject into the case the defense that he was, at the time, a person "traveling," as provided by Art. 84, Vernon's P. C.

As supporting this defense, appellant testified that about five o'clock, p. m., on the date in question, he and his companion, Wheeler, left San Antonio to go to Boerne, in Kendall County. At a point some three or four miles from Boerne they decided not to go there but to Helotes, on the Bandera highway. Returning from Helotes, Wheeler was driving the automobile just prior to the time they were apprehended and arrested about eleven or twelve o'clock on the same night.

Such facts do not show that the parties were "traveling," within the meaning of the statute mentioned.

In George v. State, 90 Tex. Cr. R. 179, 234 S. W. 87, we called attention to the fact that we were aware of no case where one was held to be a traveler whose absence was for less than a day.

We are constrained to agree that the trial court was authorized to conclude that appellant was guilty, under the facts here presented.

The introductory clause of the complaint reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:"

The introductory clause of the information reads as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:"

By motion to quash, appellant insists that there exists a variance between the two clauses, because of the words, "the," between the words, "by" and "authority," in the complaint, which does not appear in the information.

The wording of the clause in the information is literally that which is provided by the Constitution. Art. 5, Sec. 12.

In Morris v. State, 115 Tex. Cr. R. 503, 28 S. W. 2d 155, we held the exact language of the clause in the instant complaint to be equivalent to that used in the Constitution. Moreover, where the prosecution is conducted by information, it is not necessary that the complaint begin with the constitutional introductory clause. Johnson v. State, 31 Tex. Cr. R. 464, 20 S. W. 980; Jefferson v. State, 24 Tex. App. 535, 7 S. W. 244; Wilkes v. State, 155 Tex. Cr. R. 622, 237 S. W. 2d 991.

The introductory clause to the complaint was neither necessary nor material to the validity of the complaint, and could therefore be rejected as surplusage.

No error appearing, the judgment is affirmed.

Opinion approved by the court.