**Ernesto MORENO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–452–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 13, 1984.

Arnold X. Medina, Corpus Christi, for appellant.

Dale Summa, Asst. County Atty., Sinton, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of driving while intoxicated. Punishment was assessed by the jury at confinement in the County Jail for eighteen (18) months and a fine of $500. The sufficiency of the evidence is not challenged on appeal. We affirm.

In his first ground of error, appellant contends that the trial court lacked jurisdiction because the information on which the prosecution of appellant was based was not presented upon a valid complaint. Appellant argues that the complaint is fundamentally defective because it fails to commence, "In the name and *by* authority of the State of Texas," as prescribed by TEX. CONST. art. V, § 12 (1891). Rather, the complaint begins "In the name and *the* authority of the State of Texas."

 Where, as here, the prosecution is conducted by information, it is not necessary that the *complaint* begin with the constitutional introductory clause. *Vogt v. State,* 159 Tex.Cr.R. 211, 258 S.W.2d 795 (1953) cert. denied, 346 U.S. 901, 74 S.Ct. 221, 98 L.Ed. 401 (1953). TEX.CODE CRIM.PROC.ANN. art. 21.21 (Vernon 1966) requires that the *"information"* ... (1) commence, "In the name and by authority of the State of Texas"; ... and (8) that it conclude, "Against the peace and dignity of the State...." Minor variations in the wording of the required constitutional and statutory language are immaterial. *See Ex parte Cooper,* 589 S.W.2d 130 (Tex.Crim. App.1979).

 The information on which appellant's prosecution was conducted substantially complied with the required wording of Art. 21.21(1) and (8) and Art. 5 § 12. Additionally, appellant contends, without

authority, that the complaint is defective because it does not satisfy the substantial requisites of TEX.CODE CRIM.PROC. ANN. art. 15.05(2) (Vernon 1977). Art. 15.05 provides, in pertinent part:

"The complaint shall be sufficient, without regard to form, if it have these substantial requisites:

1. ...

2. It must show that the accused has committed some offense against the laws of the State, *either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense. ...*"

In the case at bar, the affiant (Officer Robert W. Wright) stated, under oath, that he had "personal knowledge," and charged that:

"before the making and filing of this complaint, in or about the 21 day of March, 1983, in the County of San Patricio and State of Texas, Ernesto Moreno, Defendant, did then and there unlawfully, while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public highway within said County and State."

The complaint was sufficiently supported by an averment of personal knowledge; and the affiant (Officer Wright) directly charged that appellant committed the offense in question. We hold that the substantial requisites of the complaint have been complied with pursuant to TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). *See Jones v. State,* 568 S.W.2d 847, 854–55 (Tex.Crim.App.1978) cert. denied, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978). Ground of error number one is overruled.

■ In ground of error number two, appellant contends that the trial court's charge to the jury was fundamentally defective. Specifically, appellant complains that the trial court erred by failing to include the word "unlawfully" in its jury charge. Appellant concludes that this deviation between the information (which included the word "unlawfully") and the

charge improperly diminished the State's burden of proof.

Initially, we note that, at trial, just prior to the reading of the charge to the jury, appellant's counsel stated: "I have no objections to the charge." In the absence of a specific objection to the charge, nothing is preserved for review. *Manry v. State,* 621 S.W.2d 619 (Tex.Crim.App.1981); *Taylor v. State,* 489 S.W.2d 890 (Tex.Crim.App. 1973). TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1984).

Even assuming a timely objection had been made, such contentions are without merit. In order to sustain a conviction for driving a motor vehicle while intoxicated, the evidence must show that the defendant drove the vehicle while intoxicated on a public road, highway, street or alley. *Shaw v. State,* 622 S.W.2d 862 (Tex.Crim. App.1981); *Ford v. State,* 571 S.W.2d 924 (Tex.Crim.App.1978). A criminal or unlawful intent is not an essential element of the offense. *Ex parte Ross,* 522 S.W.2d 214 (Tex.Crim.App.1975) cert. denied, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *see* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1984); TEX.PENAL CODE ANN. §§ 1.03(b), 6.02(b) (Vernon 1974). In this instance, the term "unlawfully" adds nothing to the State's burden of proof and was unnecessary in the information. *See Clayton v. State,* 652 S.W.2d 810 (Tex.App. —Amarillo 1983, no pet.). Failure to include this term in the trial court's charge did not have the effect of undermining the validity of the charge. Ground of error number two is overruled.

■ In his third ground of error, appellant contends the trial court committed reversible error in overruling his motion for mistrial after allegedly improper jury argument by the prosecutor. Appellant complains of the following jury argument at the *punishment* stage of the trial:

"We've taken you six as representatives, and it's your job to determine what is the proper punishment. Now, I think you can all see that if the jury does not do a proper job insofar as punishment is concerned, that the citizens lose faith in the jury system and the court system, and

have a tendency to take the law in their own hands; *you know, what's the point of bringing in this guy that's DWI before a jury? The jury will just slap him on the wrist, give him probation, or anyway not do much of anything, you know. People who have lost others through DWI feel very strongly about that. ..."*

Appellant timely objected to this argument, apparently on the grounds that the prosecutor was outside the record and improperly asking for "community standards." The trial court sustained the objection and then instructed the jury to disregard the prosecutor's last statement. Appellant moved for a mistrial, which was overruled.

Recently, in *Cannon v. State*, 668 S.W.2d 401 (Tex.Crim.App.—1984), the Court of Criminal Appeals addressed the issue of improper jury argument. The Court restated the standard, that proper jury argument must fall within one of four general areas:

"(1) summation of the evidence;

(2) reasonable deduction from the evidence;

(3) answer to argument of opposing counsel; and

(4) plea for law enforcement."

*Id.* at page 404. *See Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). Error exists when facts not supported by the record are interjected. *Berryhill v. State*, 501 S.W.2d 86 (Tex.Crim.App.1973). However, such error will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, *harmful to the accused*, into the trial proceeding. *Todd v. State*, 598 S.W.2d at 297; *Kerns v. State*, 550 S.W.2d 91 (Tex.Crim.App.1977).

Appellant contends that the jury argument improperly refered to the community expectations for a punishment of confinement rather than probation. We disagree. The prosecutor's reference to the "strong" feelings of those individuals "who have lost others through DWI" was not a statement made as to the demands and desires of the citizens of the County. *See Prado v. State*, 626 S.W.2d 775 (Tex.Crim.App.1982). Taken as a whole, we find the State's argument was directed to the responsibilities of the jury as part of our court system, not to community expectations. *See Cain v. State*, 549 S.W.2d 707, 717 (Tex.Crim.App. 1977); *Brown v. State*, 508 S.W.2d 91 (Tex. Crim.App.1974).

We do agree that the prosecutor's statement in reference to the loss of lives as a result of intoxicated drivers was outside the record in this particular case. However, when viewing the totality of the facts and the arguments of the parties, we find no harm to appellant. First, any injury from the prosecutor's comment was adequately cured when the trial court sustained appellant's objection and instructed the jury to disregard the last statement by the prosecutor. *Armitage v. State*, 637 S.W.2d 936 (Tex.Crim.App.1982); *Anderson v. State*, 633 S.W.2d 851 (Tex.Crim. App.1982). Next, appellant has not shown that the argument did, in fact, harm him. While it appears that appellant was eligible for a probated sentence, the jury's assessment of 18 months' confinement out of a maximum of 24 months does not establish such prejudicial effect by the prosecutor's comment that could not have been removed from the jury's consciousness. *Lopez v. State*, 643 S.W.2d 436 (Tex.App.—Corpus Christi 1982, pet. ref'd). The record is well developed, and the appellant himself testified as to his prior record, consisting of three prior convictions for DWI and several arrests for public intoxication.

We hold that the trial court properly overruled appellant's motion for mistrial. Ground of error number three is overruled.

■■■ In his fourth ground of error, appellant contends the trial court wrongfully excluded evidence beneficial to his case. The record shows that appellant was initially stopped by Highway Patrolmen on March 21, 1983 for speeding. During cross-examination, counsel for appellant asked one of the arresting officers, Wright, whether the appellant was eventually found not guilty on the speeding citation. The State objected on the grounds of rele-

vancy, and the trial court sustained the objection. Appellant contends that the verdict of the trial court on the speeding violation (i.e. "not guilty") was relevant to the issue of probable cause for the officer initially stopping appellant.

We fail to see how appellant was harmed by the trial court's ruling. Appellant cross-examined both Officers Wright and Lemmons extensively about the circumstances surrounding appellant's arrest, including the speeding violation and the evidence presented at that trial. In fact, appellant admitted several times that he was speeding the night he was stopped and ultimately arrested for DWI. Appellant also testified that he went to court on that speeding citation and that he was eventually found *not guilty*. The State objected again to the question as being irrelevant *after appellant answered the question,* and the court sustained the objection. No motion to withdraw the testimony from the jury was made.

In view of appellant's admission of guilt in open court and his own testimony of the exact evidence now complained of as being excluded, we hold that error, if any, was harmless. Ground of error number four is overruled.

The judgment of the trial court is affirmed.