Cecil Lawrence BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-85-00437-CR.

Court of Appeals of Texas,
San Antonio.

Sept. 24, 1986.

David Saenz, San Antonio, for appellant.

Sam Millsap, Jr., Mary Farrias, Roy Jimenez, Fernando Ramos, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for driving while intoxicated. Trial was before the court, and punishment was assessed at a fine of $300.00 and 15 days in jail.

In his single ground of error, defendant contends that the trial court should have quashed the information because it did not give precise notice of the nature of the accusation so that he could prepare a defense. We affirm the conviction.

The information alleged in pertinent part that,

On or about the 23RD day of JANUARY, A.D., 1985, CECIL LAWRENCE BROWN, hereinafter called defendant, did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated, to-wit: by reason of the introduction of alcohol into the defendant's body;

In a motion to quash filed in the trial court defendant raised the contention that the information does not place him on notice of the manner or means in which the offense of driving while intoxicated was committed. On appeal he urges the same contention, citing TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(a)(2)(A) and (B) (Vernon Supp.1985):

Intoxicated means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or,

(B) having an alcohol concentration of 0.10 percent or more.

He contends that there are two alternative methods of committing the offense of driving while intoxicated, *Forte v. State*, 686 S.W.2d 744, 746 (Tex.App.—Fort Worth 1985, pet. granted) and that he is entitled to be placed on notice of the precise manner in which he committed the offense and the manner utilized to prove the offense.

■ The defendant is certainly entitled to demand the nature and cause of the accusation against him and have a copy of the charging instrument. TEX. CONST. art. I, § 10. Furthermore, if an act or omission that would constitute criminal conduct is statutorily defined, and that definition provides for more than one manner or means of committing that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App. 1981). But when terms and elements in an indictment are statutorily defined, and the definitions are essentially evidentiary, they need not be further alleged in the indictment. *Id.* at 850.

■ The offense with which we are here concerned occurs if a person is intoxicated while driving or operating a motor vehicle in a public place. Art. 6701*l*–1(b). The only statutory variables derive from the fact that the individual may be intoxicated from alcohol, a controlled substance, a drug, or combination of these substances.

The information here gave the defendant notice that he was charged with operating a motor vehicle on a particular date in a public place while he was intoxicated from alcohol. All the essential facts were pled. Whether the State proved the defendant's state of intoxication by testimony that he did not have the normal use of his mental

or physical faculties or by evidence of the alcohol concentration in his blood were purely evidentiary matters—matters of proof which were not required to be pled. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim.App.1981) (on motion for rehearing).

We hold that specifying how the State planned to prove intoxication does not concern the manner in which the offense was committed. Rather, it would only inform the defendant about the type of evidence the State intended to present at trial, which is not the proper subject of a motion to quash. *Perryman v. State*, 687 S.W.2d 371, 372 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

The judgment of conviction is affirmed.

CADENA, Chief Justice, concurring.

I agree that the conviction should be affirmed, but only because appellant's sole complaint is that he had no notice of the nature of the offense imputed to him. The charging instrument clearly informs him that he was operating a motor vehicle while intoxicated. No complaint is made of the gibberish, "to wit: by reason of the introduction of alcohol into the defendant's body."