**Johnnie Vela SOLIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–86–00514–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1987.

Robert A. Valdez, Mark Stevens, San Antonio, for appellant.

Fred G. Rodriguez, Martina Barrera, Raymond Hardy, Jr., Criminal Dist. Attys., San Antonio, for appellee.

OPINION

REEVES, Justice.

The appellant was convicted of driving while intoxicated by a jury and sentenced to two years probation and a $300.00 fine. He raises two points of error: (1) the information under which he was prosecuted was defective; and (2) the information should have been quashed since it failed to specify whether he was intoxicated by loss of faculties or by an alcohol concentration of 0.10

or more. The appellant's second point of error has merit, and we reverse and remand.

In his first point of error, the appellant argues that the information under which he was charged was fundamentally defective since the complaint upon which it was based was fundamentally defective. The complaint's alleged fundamental defect occurs on the printed part of the complaint form where the complainant states that he *"had* good reason to believe and does believe" that the appellant committed the offense instead of the *"has* good reason to believe and does believe" required by TEX.CODE CRIM.PROC.ANN. art. 15.05(2) (Vernon 1977).

We do not find that the complaint was fundamentally defective. If a defendant, after reading a complaint, can ascertain with reasonable certainty with what he or she has been charged so as to properly prepare a defense, then the complaint is sufficient. *Chapa v. State,* 420 S.W.2d 943, 944 (Tex.Crim.App.1967). The same particularity required of indictments and informations is not required; substantial compliance is all that is necessary. *See Wells v. State,* 516 S.W.2d 663, 664 (Tex. Crim.App.1974).

The complaint's mistake is one either of grammar or of spelling, as evidenced by its correct use of the words in the rest of the phrase. Spelling mistakes have been found not to vitiate complaints. *See Wilkes v. State,* 155 Tex.Cr.R. 622, 237 S.W.2d 991, 992–993 (1951). Therefore, the complaint and the information that was based on it were not fundamentally defective. The appellant's first point of error is overruled.

In his second point of error, the appellant argues that the trial court erred in overruling his motion to set aside the information because it failed to specify whether he was intoxicated by loss of faculties or by a concentration of alcohol of 0.10 or more. That failure to specify, argues the appellant, did not give him sufficient pretrial notice as to which definition

of "intoxicated" the State intended to prove, which prevented him from fully preparing his defense. *See Russell v. State,* 710 S.W.2d 662, 664 (Tex.App.—Austin 1986, pet. refused). We agree with *Russell* that the State must specify, if asked to do so in a timely manner, which definition of "intoxicated" it will attempt to prove.[1]

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1986) provides two definitions of "intoxicated." *See Forte v. State,* 707 S.W.2d 89, 94 (Tex.Crim.App.1986). They are: (1) not having the normal use of one's mental or physical faculties due to the introduction of alcohol into the body; or (2) having an alcohol level of 0.10 or more. *See id.*

When a charging instrument contains a necessary allegation of an act which comprises more than one statutorily defined means of committing an offense, but it fails to specify which of the statutory definitions the State will rely on in proving its case, the instrument is subject to a motion to quash. . *See Gibbons v. State,* 652 S.W. 2d 413, 415 (Tex.Crim.App.1983) ("abduction"); *Gorman v. State,* 634 S.W.2d 681, 683 (Tex.Crim.App.1982) ("appropriate"); *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Crim.App.1981) ("delivery").

Here, the trial court should have granted the appellant's motion to quash the information because the State did not specify how it would attempt to prove that he was "intoxicated."

The appellant's conviction is reversed and the case is remanded the trial court with instructions to dismiss.

DIAL, Justice, dissenting.

I persist in my firm belief that *Brown v. State,* 717 S.W.2d 763 (Tex.App.—San Antonio 1986, no pet.) is a correct statement of the law as it should be applied in this area. I respectfully dissent for the reasons stated in that opinion.

---

1. We are aware that our holding in *Brown v. State,* 717 S.W.2d 763, 764–765 (Tex.App.—San Antonio 1986, no pet.), is to the contrary. *Brown* is, therefore, overruled.