**Terry Blane WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-87-00115-CR.**

Court of Appeals of Texas,
San Antonio.

May 18, 1988.

Paul Goeke, Huffman, Mayton & Goeke, San Antonio, for appellant.

Fred G. Rodriguez, Robert Barrera, Ilse Bailey–Graham, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

### AFFIRMED ON RECONSIDERATION ON PETITION FOR DISCRETIONARY REVIEW

DIAL, Justice.

Our prior opinion is corrected by withdrawal and substituting the following in its place. TEX.R.APP.P. 101.

This is an appeal from a conviction for driving while intoxicated. The defendant was found guilty by a jury, and his punishment was assessed at 30 days' confinement, suspended for two years, and a fine of $500.00.

In his fifth point of error the defendant alleges that the trial court erred in failing to grant his motion to quash the information. The motion alleged that the information and complaint failed to allege the means by which the State contended that the defendant committed the offense, i.e., whether by showing a blood/alcohol level of .10 percent or greater or by showing that the defendant did not possess the normal use of his mental and physical faculties.

The complaint and information merely alleged that the defendant was intoxicated by reason of the introduction of alcohol into his body.

The writer of this opinion previously overruled such a contention in *Brown v. State*, 717 S.W.2d 763 (Tex.App.—San Antonio 1986, no pet.). I persist in believing that that was a correct statement of the law. However, a more recent opinion of this court, *Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987, no pet.) *en banc*, one justice dissenting, overruled *Brown*. *Solis* is now the controlling authority and supports the position of the defendant. I bow to the collective wisdom of my colleagues and find that the trial judge should have granted the motion to quash.

Having concluded that there was a defect of notice in the charging instrument, we are then obligated to determine, in the context of the case, if this particular defect of form prejudiced the substantial rights of the defendant. *Adams v. State,* 707 S.W. 2d 900, 903 (Tex.Crim.App.1986). TEX. CODE CRIM.PROC.ANN. art. 21.19 (Vernon 1966). Any prejudice caused by a defect of form cannot be properly determined without reviewing the statement of facts. There is no statement of facts included in the record, so we are precluded from evaluating the prejudicial result.

In such a situation under the authority of *Opdahl v. State,* 705 S.W.2d 697, 699 (Tex. Crim.App.1986) the judgment of the trial court should be affirmed.